ORIGINAL

FILED

E-filing

2011 JUL 19 A 10: 47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CAL. SAN JOSE

1   Robert A. Mittelstaedt (State Bar No. 60359)
    ramittelstaedt@JonesDay.com
2   Craig E. Stewart (State Bar No. 129530)
    cestewart@JonesDay.com
3   JONES DAY
    555 California Street, 26th Floor
4   San Francisco, CA 94104
    Telephone:      (415) 626-3939
5   Facsimile:      (415) 875-5700

6   Catherine T. Broderick (State Bar No. 251231)
    cbroderick@jonesday.com
7   JONES DAY
    1755 Embarcadero Road
8   Palo Alto, CA  94303
    Telephone:      (650) 739-3939
9   Facsimile:      (650) 739-3900

10  Attorneys for Defendant
    INTUIT INC.
11
    [Additional Counsel on Signature Pages]
12

ADR

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16  MICHAEL DEVINE, individually and on        CV11-03539  HRL
    behalf of all others similarly situated,
                                                Case No.
17                                              [Removed action from Santa Clara Superior
                 Plaintiff,                     Court Case No. 1-11-CV-204053]
18
          v.
19                                              JOINT NOTICE OF REMOVAL OF
    ADOBE SYSTEMS INC., APPLE INC.,             ACTION FROM STATE COURT
20  GOOGLE INC., INTEL CORP., INTUIT            PURSUANT TO 28 U.S.C. §§ 1331,
    INC., LUCASFILM LTD., PIXAR, AND            1332, 1441, 1446 & 1453
21  DOES 1-200,
                                                Complaint Filed: June 28, 2011
22               Defendants.

23

24

25

26

27

28

                  JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1   **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

2   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1331, 1332, 1441, 1446

3   and 1453, Defendants, ADOBE SYSTEMS, INC. ("Adobe"), APPLE INC. ("Apple"), GOOGLE

4   INC. ("Google"), INTEL CORP. ("Intel"), INTUIT INC. ("Intuit"), LUCASFILM LTD.

5   ("Lucasfilm") and PIXAR (collectively, "Defendants"), hereby jointly remove this action, initially

6   filed in the Superior Court of the State of California for the County of Santa Clara, to the United

7   States District Court for the Northern District of California.

## I. REMOVED CASE

9   1.   The removed case is a civil action filed on June 28, 2011, in the Superior Court of the

10   State of California for the County of Santa Clara, styled *Devine v. Adobe Systems Inc., Apple Inc.,*

11   *Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar and Does 1 - 200,* Case No. 1-11-CV-

12   204053. A copy of the Complaint is attached to the Declaration of Catherine T. Broderick in

13   Support of the Notice of Removal ("Broderick Decl.") ¶ 2 & Ex. A ("Compl."), filed concurrently

14   herewith.

15   2.   Plaintiff Michael Devine filed the removed action against Defendants, purporting to act

16   individually and on behalf of others similarly situated. He brings three state-law claims against

17   Defendants: alleged violations of (1) the Cartwright Act, Cal Bus. & Prof. Code sections 16720 *et*

18   *seq.*; (2) Cal. Bus. & Prof Code section 16600; and (3) Cal. Bus. & Prof. Code, sections 17200 *et*

19   seq. He seeks declaratory and injunctive relief, unspecified damages "for restitution and

20   disgorgement of ill-gotten gains as allowed by law and equity," and attorneys' fees and costs.

21   Compl., Prayer ¶¶ 7-12.

## II. REMOVAL IS TIMELY

23   3.   Defendants received notice of this action on June 29, 2011, when each was sent a

24   courtesy copy of the Complaint. Broderick Decl. ¶ 2.

25   4.   A defendant has 30 days from receipt of the first pleading setting forth a removable

26   claim to file a notice of removal in federal district court. 28 U.S.C. § 1446(b); *Murphy Bros. Inc.*

27   *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). While Defendants have yet to be

28   served, they have had notice of this action for less than 30 days. Moreover, a defendant may

- 2 -

1    remove an action before being served. *See Haseko Homes v. Underwriters Ins. Co.*, No.

2    09cv1613-L (AJB), 2010 WL 358531 at *2 (S.D. Cal. Jan 22, 2010) (holding that a defendant can

3    remove an action before being served). Therefore, this Notice of Removal is timely.

### III. PAPERS FROM REMOVED ACTION

5    5.    In accordance with 28 U.S.C. section 1446(a), a true and correct copy of all process,

6    pleadings, and orders filed in the state court action as of the date of this Notice are attached

7    hereto. Broderick Decl. ¶¶ 2- 3 & Ex. A-B.

### IV. GROUNDS FOR REMOVAL

9    6.    Defendants assert three independent bases for removing this action to this Court. First,

10   Defendants remove this case on the ground that this Court has jurisdiction under the Class Action

11   Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). Second, because the named plaintiff is diverse

12   from all Defendants, and the amount in controversy exceeds $75,000, Defendants remove this

13   case under 28 U.S.C. § 1332(a). Third, Plaintiff and the putative class's claims arise from alleged

14   torts occurring on a federal enclave, the Presidio of San Francisco, where Defendant Lucasfilm is

15   located.

### A.    First Ground for Removal: Diversity Jurisdiction under CAFA

17   7.    This Court has jurisdiction over this action pursuant to CAFA. 28 U.S.C. § 1332(d).

18   Under CAFA, federal district courts have original jurisdiction over any civil action in which the

19   matter in controversy exceeds, in the aggregate, $5,000,000 (exclusive of interest and costs) and

20   is a class action in which any member of a class of plaintiffs is a citizen of a State different from

21   any defendant. 28 U.S.C. section 1453 allows a defendant to remove a class action from state

22   court to a federal district court without regard to whether any defendant is a citizen of the State in

23   which the action is brought.

### Diversity of Citizenship

25   8.    The Complaint demonstrates on its face that the minimal diversity requirement of 28

26   U.S.C. section 1332(d)(2)(A) is satisfied. Plaintiff Michael Devine is alleged to be a citizen of

27   the State of Washington. Compl. ¶ 21. Plaintiff purports to represent a class of "[a]ll natural

28   persons employed by Defendants in the United States," and thus alleges that some of the proposed

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1   class members are not citizens of California. Compl. ¶¶ 31. The Complaint also alleges that

2   Defendants are all California citizens. Compl. ¶¶ 9, 22-28. Thus, the minimal diversity required

3   under section 1332 is satisfied because one or more members of the proposed plaintiff class is a

4   citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

5   **Amount in Controversy**

6   9.   Where, as here, the complaint does not specify the amount of damages sought, the

7   removing defendants must show only by a preponderance of the evidence that the amount in

8   controversy exceeds $5,000,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th

9   Cir. 2006); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)

10  ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the

11  amount in controversy" satisfies the federal diversity jurisdictional amount requirement.). This

12  "'burden is not daunting, as courts recognize that under this standard, a removing defendant is not

13  obligated to research, state, and prove the plaintiffs' claims for damages.'" *Ray v. Wells Fargo*

14  *Bank, N.A.*, No. CV 11-01477 ARM (JCx), 2011 WL 1790123 at *5 (C.D. Cal. May 9, 2011); *see*

15  *also Helm v. Alderwoods Group, Inc.*, No. C 08-01184 SI, 2008 WL 2002511 at *5 (N.D. Cal.

16  May 7, 2008) (fact-intensive inquiry not required to establish amount in controversy by

17  preponderance of the evidence, as "defendants cannot be expected to try the case themselves for

18  purposes of establishing jurisdiction").

19  10.   Defendants do not concede that this action may be maintained as a class action or that

20  the proposed class is owed in excess of $5,000,000 or any amount whatsoever, but the facts

21  alleged in the Complaint make clear that the amount "in controversy" exceeds $5,000,000. The

22  Complaint alleges three causes of action, all of which are putative class claims, and one of which

23  seeks treble damages. Compl. ¶¶ 109-116 (alleging violation of the Cartwright Act, Cal. Bus. &

24  Prof. Code sections 16720 *et seq.*, and seeking treble damages on behalf of all class members).

25  11.   Plaintiff purports to bring these claims on behalf of a nationwide class of all salaried,

26  non-retail employees of the seven Defendants over a five-year period. Paragraph 31 of the

27  Complaint describes the purported class as follows:

28  All natural persons employed by Defendants in the United States

- 4 -

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

on a salaried basis during the period from January 1, 2005 through January 1,2010 (the "Class Period"). Excluded from the class are: retail employees; corporate officers, members of the boards of directors, and senior executives of Defendants who entered into the illicit agreements alleged herein; and any and all judges and justices, and chambers' staff, assigned to hear or adjudicate any aspect of this litigation.

12. Plaintiff does not define the terms "salaried basis" or "retail employees" in the Complaint. Nevertheless, Defendants have undertaken an initial effort to determine the number of proposed class members. As of May 2011, the seven Defendants combined have more than 83,300 salaried or exempt employees in the United States. *See* Broderick Decl.¶¶ 4-10 & Exs. C-I[1] attaching the declarations of Jack Gilmore ("Gilmore Declaration") ¶ 3; Joel Podolny ("Podolny Declaration") ¶ 3; Rhonda Hjort ("Hjort Declaration") ¶ 3; James M. Kennedy ("Kennedy Declaration") ¶ 3; Debbie R. Oldham-Auker ("Oldham-Auker Declaration") ¶ 2; Declaration of Tadhg Bourke ("Bourke Declaration"); Declaration of Kumud Kokal ("Kokal Declaration") ¶ 3. Therefore, based on Defendants' initial inquiry, the purported class as alleged in the Complaint consists of more than 83,300 members. To avoid the $5,000,000 threshold under section 1332(d), Plaintiff would have to seek less than $20 per class member on a pre-trebled basis. That would be less than $4 per year per purported class member. Assuming conservatively for purposes of this Notice of Removal that the proposed class members had an annual salary of $35,000, Plaintiff could avoid the $5,000,000 threshold only if he sought damages for the purported class that constituted less than 1/100th of 1% of their annual salary.

13. Plaintiff is not so modest in his Complaint. The centerpiece of his Complaint is that Defendants allegedly agreed in separate "interconnected" agreements to refrain from "cold calling" each other's employees, which he alleges is a "key competitive tool" that has "a significant impact on employee compensation." Compl. ¶¶ 41, 42. He describes each of the alleged agreements as having the effect of "suppressing the compensation" of employees, *id.* ¶¶ 51, 61, 68, 74, 87, 93, and he recites the DOJ's claim that the alleged agreements "substantially diminished competition to the detriment of the affected employees." *Id.* ¶ 101. These allegations

_____

[1] These declarations were originally filed in support of a Notice of Removal in another action. The information contained within them is equally applicable to this action.

- 5 -

1     are not consistent with a claim that the purported class members' salaries were suppressed by less

2     than $4 per year.

3       14.   Plaintiff also seeks attorneys' fees under the Cartwright Act for prosecuting this action,

4     further increasing the amount in controversy. Compl. ¶ 116, Prayer ¶ 10. Where, as here, the

5     statute underlying a plaintiff's claim permits attorneys' fees, those fees are included in amount in

6     controversy. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)

7     (upholding denial of remand motion where district court added attorneys' fees equaling 12.5% of

8     alleged economic damages to determine amount in controversy); *Ray*, 2011 WL 1790123 at *7

9     (denying motion for remand and adding attorneys' fees equaling 25% of alleged economic

10     damages to determine amount in controversy). Defendants cannot know at this early stage of the

11     litigation the amount of attorneys' fees that Plaintiff will incur, but the law firm representing

12     Plaintiff in this matter has repeatedly sought attorneys' fee awards of millions of dollars in other

13     cases. *See, e.g., Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL

14     1687829 at *1 (N.D. Cal. Apr. 22, 2010) (awarding $4.5 million in attorneys' fees to same law

15     firm representing Plaintiff in this case); *Satchell v. FedEx Exp.*, Nos. C 03-2659 SI, C 03-2878 SI,

16     2007 WL 2343904 at *1 (N.D. Cal. Aug. 14, 2007) (awarding $5.8 million in attorneys' fees to

17     same law firm representing Plaintiff in this case, and describing amount as less than the

18     reasonable "lodestar" amount incurred).

19       15.   The amount in controversy here plainly exceeds $5,000,000, and Plaintiff makes no

20     attempt to plead otherwise. *See Ray*, 2011 WL 1790123 at *5 ("[i]f Plaintiff truly intended to

21     limit the amount in controversy for all claims and requests for relief under the jurisdictional

22     minimum, he could have done so.").

23       **No Jurisdictional Exception Applies**

24       16.   Plaintiff cannot meet his burden to establish that any jurisdictional exception under

25     CAFA applies, because fewer than two-thirds of the proposed class members are California

26     citizens. *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(I) (requiring Court to decline to exercise jurisdiction

27     if "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are

28     citizens of the State in which the action was originally filed"); 28 U.S.C. § 1332(d)(4)(B) (same).

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1    As described in the declarations filed herewith, only 51% of the current (or in the case of Intuit,

2    the whole class period) U.S. salaried or exempt employees of the Defendants are located in

3    California.[2] *See* Gilmore Declaration ¶ 3; Podolny Declaration ¶ 3; Hjort Declaration ¶ 3;

4    Kennedy Declaration ¶ 3; Oldham-Auker Declaration ¶ 2; Bourke Declaration ¶ 3; Kokal

5    Declaration ¶ 3. All Defendants have not yet been able to determine for the five-year purported

6    class period what percentage of Defendants' employees are citizens of California. However,

7    Defendants have no reason to believe that the current aggregate percentage of U.S. employees

8    who reside in California is materially different from the percentage for the purported five-year

9    class period. *See* Gilmore Declaration ¶ 3; Podolny Declaration ¶ 3; Hjort Declaration ¶ 3;

10   Kennedy Declaration ¶ 3; Bourke Declaration ¶ 3; Kokal Declaration ¶ 3. As such, this Court has

11   jurisdiction over this action under 28 U.S.C. § 1332 and removal is proper.

12   **B. Second Ground for Removal: Diversity Jurisdiction under 28 U.S.C. § 1332(a).**

13       17.   This Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1332(a) and

14   1453. Under 28 U.S.C section 1332(a)(1), federal district courts have original jurisdiction over a

15   civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of

16   interest and costs, and is between citizens of different States.  28 U.S.C. section 1332(a)(1) can be

17   applied to a class action if there is complete diversity between the named plaintiffs and

18   defendants, and if "a named plaintiff in a diversity class action has a claim with an amount in

19   controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims

20   of unnamed class members irrespective of the amount in controversy in those claims." *Kanter v.*

21   *Warner-Lambert, Co.,* 265 F.3d 853, 858 (9th Cir. 2001); *see also Lewis v. Verizon*

22   *Communications Inc.,* 627 F.3d 395, 398 (9th Cir. 2010) (stating that before CAFA, diversity

23   jurisdiction existed in a class action if "all class representatives were diverse from all defendants,

24   and if at least one named plaintiff satisfied the amount in controversy requirement of more than

25   _____

26       [2] By aggregating Defendants' employees for purposes of determining whether this Court
     has jurisdiction over Plaintiff's Complaint under CAFA, Defendants do not concede that Plaintiff
     has properly plead an overarching conspiracy among the Defendants.  Defendants present
27   aggregated employee numbers only because CAFA requires that the residence of the purported
     class be determined based on "all proposed plaintiff classes in the aggregate." *See* 28 U.S.C. §§
28   1332(d)(4)(A)(i)(I) & 1332(d)(4)(B).

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1   $75,000."). 28 U.S.C. section 1453 allows a defendant to remove a class action without regard to

2   whether any defendant is a citizen of the State in which the action is brought.

3            **Diversity of Citizenship**

4       18. The Complaint demonstrates on its face that the diversity requirement of 28 U.S.C.

5   section 1332(a) is satisfied because the named plaintiff is a citizen of a State different from any

6   Defendant. *See* 28 U.S.C. § 1332(a); *Lewis,* 627 F.3d at 398. Plaintiff Michael Devine is alleged

7   to be a citizen of the State of Washington. Compl. ¶ 21. The Complaint also alleges that

8   Defendants are all California citizens. Compl. ¶¶ 9, 22-28.

9           **Amount in Controversy**

10      19. Defendants must show only by a preponderance of the evidence that the amount in

11   controversy meets the jurisdictional minimum. *Abrego Abrego,* 443 F.3d at 683. In determining

12   the amount in controversy, the district court must first consider what is "facially apparent" from

13   the complaint and should include general damages, special damages and attorney's fees, if

14   recoverable as a matter of law. *Kwong Hiu Yung v. Institutional Trading Corp.,* 2011 U.S. Dist.

15   LEXIS 47848 at *5 (N.D. Cal. Apr. 27, 2011).

16      20. While the Complaint does not specify an exact amount of damages sought, the face of

17   the complaint alleges that the "amount demanded exceeds $25,000." Compl. at 1. Additionally,

18   in his claim for damages under the Cartwright Act, Plaintiff seeks treble damages, attorney's fees

19   and costs. Compl. ¶ 116. Treble damages, attorney's fees and costs are recoverable by law under

20   the Cartwright Act, *see* Cal. Bus. & Prof. Code section 16750(a). Thus they are properly

21   considered as part of the amount in controversy. In *Kwong Hui Yung,* the court denied a motion

22   to remand where the plaintiff sought at least $25,000 in damages to meet the jurisdictional

23   requirement of the California Superior Court and treble damages holding that the "court finds that

24   Defendants have shown that it is more likely than not that the amount in controversy is over

25   $75,000." 2011 U.S. Dist. LEXIS 47848 at *5. Thus, because Plaintiff seeks treble damages and

26   demands over $25,000 in damages, the jurisdictional minimum is satisfied.

27      21. While Defendants do not concede that any plaintiff is owed in excess of $75,000 or any

28   amount whatsoever, here the allegations seeking treble damages for the suppression of wages

1  coupled with costs and attorney's fees show it is more likely than not that the amount "in

2  controversy" exceeds $75,000 for Plaintiff Michael Devine.

3  **C. Third Ground for Removal: Federal Enclave Jurisdiction**

4      22.  Plaintiff's and the putative class's claims against Lucasfilm arise from alleged acts done

5  by Lucasfilm, and alleged injuries suffered by Lucasfilm employees, on a federal enclave—the

6  Presidio of San Francisco, where Lucasfilm is located.  Because Plaintiff is alleging an

7  overarching antitrust conspiracy among all defendants, Plaintiff's claims as a whole arise out of

8  conduct occurring, and involve injuries suffered, on a federal enclave.  Accordingly, this Court

9  has jurisdiction over this action pursuant to 28 U.S.C. section 1331, which provides that federal

10  district courts have original jurisdiction over claims "arising under the Constitution, laws or

11  treaties of the United States."  For the same reason, this action may be removed from state court

12  to this Court under 28 U.S.C. section 1441(b).

13      23.  Federal courts have exclusive jurisdiction over claims for relief arising on federal

14  enclaves—land ceded by states to the federal government.  U.S. Const. art. I, § 8, cl. 17; *Swords*

15  *to Plowshares v. Kemp*, 423 F. Supp. 2d 1031,1034 (N.D. Cal. 2005).  Further, when a piece of

16  land becomes a federal enclave, federal—not state—law governs the ceded area, although state

17  law that existed at the time the land was ceded is assimilated into federal law.  *See Macomber v.*

18  *Bose*, 401 F.2d 545, 546 (9th Cir. 1968).  Causes of action based on such assimilated state law

19  arise under federal law and are properly the subject of federal jurisdiction.  *Id.*

20      24.  Because of this assimilation of state tort law into federal law on federal enclaves, federal

21  courts have federal question jurisdiction over tort claims arising on federal enclaves.  *See Durham*

22  *v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Willis v. Craig*, 555 F.2d 724,

23  726 n.4 (9th Cir. 1977).

24      25.  The Presidio of San Francisco is a federal enclave that was ceded by California to the

25  United States in 1897.  *See* Cal. Stat. 1897, p. 51.  Numerous courts have recognized the

26  Presidio's status as a federal enclave.  *See Standard Oil Co. v. California*, 291 U.S. 242, 244

27  (1934); *Totah v. Bies*, No. C 10-05956 CW, 2011 WL 1324471 at *2 (N.D. Cal. Apr. 6, 2011);

28  *Klausner v. Lucasfilm Entm't Co.*, No. 09-03502, 2010 WL 1038228 at *2-4 (N.D. Cal. Mar. 19,

- 9 -

1    2010); *Rosseter v. Indus.Light & Magic*, No. C 08-04545 WHA, 2009 WL 210452 at *2 (N.D.

2    Cal. Jan. 27, 2009); *United States v. Perez*, No. CR-06-0001-MAG (MEJ), 2006 WL 2850018 at

3    *2-7 (N.D. Cal. Oct. 4, 2006); *Swords to Plowshares*, 423 F. Supp. 2d at 1034-36; *Volk v. United*

4    *States*, 57 F. Supp. 2d 888, 893 (N.D. Cal. 1999).

5         26.   Since July 2005, Defendant Lucasfilm has been located in the Letterman Digital Arts

6    Center on the Presidio of San Francisco. Broderick Decl.¶ 11 & Ex. J attaching the Declaration

7    of David Anderman in Support of Notice of Removal ("Anderman Decl."), ¶ 2; *see also Totah*,

8    2011 WL 1324471 at *1 ("Lucasfilm is located on the Presidio, a federal enclave"). Indeed, the

9    Complaint expressly alleges that Lucasfilm's "principal place of business" is "located at 1110

10   Gorgas Ave., in San Francisco, California 94129." Compl. ¶ 27. That address is located on the

11   Presidio, a fact over which this Court may and should take judicial notice. Indeed, in other suits

12   involving Lucasfilm, this Court has routinely taken judicial notice of Lucasfilm's location on the

13   federal enclave of the Presidio, and held that, because of its residence on the Presidio, Lucasfilm

14   is subject exclusively to federal law. *See Totah*, 2011 WL 1324471 at *2; *Klausner*, 2010 WL

15   1038228 at *2-4 (N.D. Cal. Mar. 19, 24 2010); *Rosseter,* 2009 WL 210452 at *2.[3]

16        27.   In determining whether federal enclave jurisdiction applies, courts look to "where the

17   alleged unlawful acts took place." *Klausner*, 2010 WL 1038228 at *7. Removal to federal court

18   based on federal enclave jurisdiction is proper where "some of the events alleged in the

19   Complaint with regard to" certain defendants "occurred on a federal enclave." *Corley v. Long-*

20   *Lewis, Inc.*, 688 F. Supp. 2d 1315, 1336 (N.D. Ala. 2010); *see also, e.g., Stiefel v. Bechtel Corp.*,

21   497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007) (holding that federal enclave jurisdiction applied to

22   plaintiffs' claims because relevant events occurred on the enclave); *Osburn v. Morrison Knudsen*

23   *Corp.*, 962 F. Supp. 1206, 1209 (E.D. Mo. 1997) (finding federal enclave jurisdiction based on

24   allegations of "defendant's employment practices on the federal enclave"); *Snow v. Bechtel Const.*

25   ─────────────────────
26        [3] As the *Totah, Klausner*, and *Rosseter* courts recognized, this Court may take judicial
     notice of the fact that Lucasfilm is located on the Presidio based on paragraph 27 of the
     Complaint and the Department of Interior map attached hereto, *see* Broderick Decl. ¶ 12 & Ex. K,
27   and Defendants request that it do so. Lucasfilm's location is judicially noticeable because it is
     "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to
28   sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1     *Inc.*, 647 F. Supp. 1514, 1521 (S.D. Cal. 1986) (dismissing state-law wrongful-termination claim

2     where relevant events occurred on a federal enclave).

3        28.   Here, Plaintiff alleges in his Complaint that Lucasfilm entered into an agreement with

4     other Defendants that was designed to "eliminate competition between them for skilled labor,"

5     which was allegedly enforced from the Presidio. Compl. ¶¶ 51-60. Moreover, Plaintiff alleges

6     that "Lucasfilm employees were also harmed by the conduct of the remaining Defendants."

7     Compl. ¶ 60. Since Lucasfilm moved to the Presidio in July 2005, its executive offices and

8     human resources department have been located, and its employment decisions have been made,

9     on the Presidio. Anderman Decl. ¶ 3. Similarly, the injuries purportedly suffered by Lucasfilm

10     employees as a result of the alleged conspiracy occurred on the Presidio.

11        29.   Because Plaintiff contends that Lucasfilm, from its residence on a federal enclave,

12     entered into and enforced an improper agreement with other Defendants, and that the putative

13     class, including Lucasfilm employees, were harmed by that agreement during the time, the

14     "alleged unlawful acts" giving rise to Plaintiffs and the putative class's claims for relief "took

15     place" in the federal enclave. *Klausner*, 2010 WL 1038228 at *7. Accordingly, this Court has

16     jurisdiction over this action and removal is proper.

17                       **V. AVERMENT OF DEFENDANTS' CONSENT**

18        30.   The undersigned counsel avers that all named defendants consent to removal of this

19     action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One

20     defendant's timely removal notice containing an averment of the other defendants' consent and

21     signed by an attorney of record is sufficient [for removal].").

22                            **VI. PROCEDURAL MATTERS**

23        31.   As required by 28 U.S.C. section 1446(d), Defendants promptly will file with the Santa

24     Clara County Superior Court a Notice to Trial Court and Adverse Party of Removal to Federal

25     Court, and serve upon Plaintiff a true and correct copy of this Notice.

26        32.   Defendants also will promptly serve upon Plaintiff Michael Devine a true and correct

27     copy of the supplementary materials required by Civil L.R. 4-2 and 16-2(b).

28                       **VII. NON-WAIVER OF DEFENSES**

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1    33.  Defendants expressly reserve all of their defenses.  By removing this action to this Court,

2    Defendants do not waive any rights or defenses available under federal or state law. Defendants

3    expressly reserve the right to move for dismissal of Plaintiff's Complaint pursuant to Rule 12 of

4    the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an

5    admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

6                              **IX. DEMAND FOR JURY TRIAL**

7    34.  Defendants hereby demand trial by jury on all issues so triable.

8

9           WHEREFORE, Defendants hereby remove the above-entitled action to this Court from

10   the Superior Court of the State of California, County of Santa Clara.

11

12   Dated: July 15, 2011                              Respectfully submitted,

13                                                     Jones Day

14

15                                                     By: _____

16                                                        Robert A. Mittelstaedt
                                                          Craig E. Stewart
17                                                        Catherine T. Broderick

18                                                     Counsel for Defendant
                                                       INTUIT INC.
19

20

21

22   SVI-95064

23

24

25

26

27

28

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1   DATED:  July 14, 2011

2

3                                   BINGHAM McCUTCHEN LLP

4

5                                   By:

6                                        Zachary J. Alinder
                                         Attorneys for Defendant
7                                        Intel Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1

2   Dated:   July __/5__, 2011                    O'MELVENY & MYERS LLP

3
                                                  By: _____
4                                                      MICHAEL F. TUBACH
                                                  Attorneys for Defendant
5                                                 APPLE INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT

1

2

3   Dated: July 15, 2011                  Respectfully submitted,

4                                 COVINGTON & BURLING LLP

5

6                                 By:

7                                 Emily Johnson Henn
                                     Counsel for Defendant

8                                 PIXAR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1
2   Dated: July 18, 2011                         MAYER BROWN LLP

3
4                                         By:  _____
5                                              LEE H. RUBIN
                                               Attorneys for Defendant
6                                              GOOGLE INC.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Dated: July 18, 2011

2                                    Respectfully submitted,

3                                    Jones Day

4
                                     By: _____
5                                        Robert A. Mittelstaedt
                                         Craig A. Waldman
6                                        David C. Kiernan

7                                    Attorneys for Defendant
                                     ADOBE SYSTEMS INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

1  Dated: July 18, 2011

2                                          Respectfully submitted,

3                                          KEKER & VAN NEST LLP

4
                                           By: _____
5                                              Eugene M. Paige

6                                          Attorneys for Defendant
                                           LUCASFILM  LTD.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT NOTICE OF REMOVAL OF ACTION FROM STATE COURT**